1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   MICHELLE KENNY,                    No. C 06-07521 CRB

12          Plaintiff,                  **ORDER GRANTING MOTION FOR**
                                        **LEAVE TO FILE AMENDED**
13      v.                              **COMPLAINT**

14   REGIS CORPORATION, et al.,

15          Defendants.
     _____/

16

17          Now pending before the Court is plaintiff's motion for leave to file a first amended

18   complaint.  Plaintiff seeks to add defendants who were incorrectly named in the original

19   complaint as well as add a "claim" under the Private Attorney Generals Act of 2004

20   ("PAGA").  After carefully considering the papers filed by the parties, the Court concludes

21   that oral argument is unnecessary and GRANTS the motion for leave to amend.

22          Although Federal Rule of Civil Procedure 15(a) provides that leave should be "freely

23   given when justice so requires," defendants oppose the addition of the new parties on the

24   ground that a party named in the original complaint--Regis Corporation--should be omitted

25   from the amended complaint.  As defendants do not contend that the parties plaintiff seeks *to*

26   *add* are improper parties, plaintiff's motion to add the new defendants is GRANTED.

27          Defendants also oppose the addition of the PAGA "claim" on the ground that such

28   claim is futile.  First, defendants contend that the PAGA remedy for a violation of Labor

Code section 216 fails as a matter of law because plaintiff's proposed amended complaint fails to allege that she exhausted her administrative remedies under Labor Code section 216. In her reply plaintiff explains that Labor Code section 216 was included in her proposed amended complaint in error; she will not include it in her official amended complaint.

Defendants also contend that plaintiff seeks penalties for Labor Code sections to which PAGA does not apply.  Defendants have not persuaded the Court that plaintiff may not recover PAGA remedies as a matter of law.  As the California Court of Appeal has noted, for certain violations of the Labor Code an employer may be liable for unpaid wages, statutory penalties *and* civil penalties.  <u>Dunlap v. Superior Court</u>, 142 Cal.App.4th 330, 340 (2006).  Nothing in PAGA suggests that because an employee can obtain statutory penalties, the employee cannot also obtain civil penalties under PAGA which, prior to the adoption of PAGA, were only recoverable by the State.

Moreover, plaintiff seeks PAGA civil penalties for violations of Labor Code sections 201, 202, 203, 218, 226, 226.7, 510, 512, 516 and 1194.  Proposed First Amended Complaint at ¶ 113.  PAGA specifically provides that a plaintiff must exhaust administrative remedies as set forth in Labor Code section 2699.3 for claims for civil penalties for violations of the above sections.  Labor Code § 2699.5.  Defendants do not explain how PAGA does not apply to the violations alleged by plaintiff when, in fact, PAGA itself provides that claims for civil penalties based on those violations must be exhausted as provided in PAGA.  The most reasonable reading is that as long as a Labor Code provision allows for civil penalties that can only be collected by the state, a plaintiff may seek such penalties pursuant to PAGA, even if additional statutory penalties may also be collected.

In any event, as defendants have not proved futility, plaintiff's motion for leave to amend is GRANTED.  Plaintiff shall file her revised amended complaint on or before April 6, 2007.

**IT IS SO ORDERED.**

Dated: March 27, 2007

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California