IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY, | No. C-06-07521 CRB  (EDL) |
| Plaintiff, | **ORDER RE DISCOVERY** |
| v. | |
| REGIS CORPORATION, et al, | |
| Defendants. | |

On May 1, 2008, the parties submitted a joint letter brief to the Court outlining a discovery dispute that has arisen regarding class certification discovery. The Court has reviewed that letter and relevant authority. For the reasons set forth below, the Court hereby ORDERS Defendants to produce the time records for the employees for whom Defendants filed declarations in opposition to class certification in Excel spreadsheet format showing their clock-ins and clock-outs for the class period. Defendants must provide this information no later than 5:00 p.m. on May 5, 2008.

In Defendants' opposition to class certification, they filed 68 declarations from current employees who claim that they receive meal breaks. While the declarations themselves may have been work product before they were publicly filed, Defendants had a duty to include in its initial disclosures the names of witnesses (as well as their address and telephone numbers) likely to have discoverable information that may be used to support Defendants' claims or defenses, and to supplement those disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." See Fed. R. Civ. Pro. 26(a)(1)(A) and (e)(1)(A). This Court's standing order underscores the requirement that all parties supplement their initial disclosures, noting that the "Court expects that the parties will supplement and/or correct their disclosures promptly when required under [Rule 26(e)(1)], without the need for a request from

1  opposing counsel."  Defendants obtained the declarations used in support of their opposition to
2  class certification in June and August 2007 for all but a few of the declarants.  Defendants did not
3  timely supplement their disclosures with these witnesses' identities and contact information even
4  though they knew that the witnesses had discoverable information that Defendants might use to
5  support their defenses well before filing their opposition with the Court.

6  Defendants' opposition relies in part on Plaintiff's lack of diligence in pursuing discovery.
7  Defendants are correct that there were other steps Plaintiff could and probably should have taken to
8  obtain this information earlier, such as filing a motion to compel responses to her requests for
9  production.  But the Federal Rules of Civil Procedure impose an automatic duty of disclosure on
10 Defendants regardless of Plaintiff's diligence, and that is the basis of this order.

11 Defendant has raised the issue of the third party employees' privacy, relying on Intel Corp. v.
12 Via Techs. Inc., 204 F.R.D. 450 (N.D. Cal. 2001).  In Intel, however, defense counsel disclosed the
13 one witness's name and address a few days promptly after it tracked down the ex-employee and
14 obtained the sworn statement, which was one month before defendant relied on that witness'
15 declaration in its summary judgment motion.  The Court found this sufficient, noting that defendant
16 disclosed the identity of the witness as soon as practicable.  Here, however, Defendants did not
17 disclose the names or addresses of the witnesses as soon as practicable.  Further, the privacy
18 concerns now raised by Defendants could have been addressed under the protective order in place in
19 this case.  Moreover, the witnesses' identities are now a matter of public record.  See Putnam v. Eli
20 Lilly and Co., 508 F. Supp. 2d 812 (C.D. Cal. 2007) (ordering production of contact information of
21 employee putative class members prior to class certification, noting that need for information
22 outweighed privacy rights of individuals).  However, Defendants may designate the contact
23 information of the employees as confidential pursuant to the protective order in this case.  Cf.
24 Wiegele v. Fedex Ground Package System, 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. Feb. 8, 2007)
25 (ordering disclosure of putative class members' names and addresses pursuant to a protective order).
26 The Court also notes that Plaintiff represents that her expert opined that Defendants could
27 produce the requested Excel files in the timeframe sought by Plaintiff, and Defendants did not
28 dispute that contention.  Accordingly, in light of the short time before the class certification hearing,

1 the Court orders production on that schedule.

2     Plaintiff asks the Honorable Charles R. Breyer, not this Court, to grant a continuance on the
3 class certification proceedings, to strike the employee declarations, and for permission to
4 supplement her reply memorandum. This Court is therefore not ruling on any of these issues. Nor is
5 it suggesting that the limited information required to be produced by this order necessarily moots
6 any of the rulings sought from Judge Breyer. As Plaintiff recognizes in her letter brief, she will only
7 have time to take depositions of a subset of the declarants prior to the hearing on class certification if
8 a continuance is granted. However, since discovery is not closed, as Defendants point out in their
9 letter brief, the contact information of these witnesses is discoverable regardless of the class
10 certification schedule.

11     **IT IS SO ORDERED.**

13 Dated: May 2, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3