IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHELLE KENNY,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERCUTS, INC., et al.,<br><br>    Defendants._____/ | No. C 06-07521 CRB<br><br>**MEMORANDUM AND ORDER DENYING MOTION FOR CLASS CERTIFICATION** |

This putative class action alleges that defendants failed to regularly provide their hair salon employees with 30-minute meal breaks as required by California law. Now pending before the Court is plaintiff's motion for class certification. After carefully considering the argument and evidence submitted by the parties, and having had the benefit of oral argument, plaintiff's motion is DENIED.

**CALIFORNIA LAW ON MEAL BREAK PERIODS**

California Labor Code section 512 provides in pertinent part:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

Cal. Labor Code § 512(a).

California Labor Code section 226.7(a) includes a similar requirement:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Labor Code § 226.7(a) & (b).

## BACKGROUND FACTS

Defendants had and have a policy that facially complies with California's meal break requirements. Defendants' new employee orientation handbook advises employees in California that they "should follow the policy for meal periods and breaks which is posted in [the] salon dispensary." Industrial Welfare Commission ("IWC") wage order posters identifying the meal and rest break requirements are displayed at all California salons. Plaintiff Kenny, who operated as a store manager for part of the class period, understood that as a store manager she was responsible for having employees clock out for lunch and she advised new employees that they are entitled to take lunch breaks and must clock out for lunch.

Plaintiff does not dispute that "on paper" defendants had a proper meal break policy; instead, she claims that despite the official policy, defendants actually "have an on going practice of not providing meal breaks" and not paying the additional one hour of wages for every missed or shortened meal break. Plaintiff's time records reveal that she did not "clock out" for a full 30 minute meal break approximately 40 percent of the time her employer was required to provide her with a meal break. Defendants never paid plaintiff for her missed meal period, and plaintiff offers evidence that defendants' pay system is not programmed to provide the one hour compensation for the missed meal periods.

Defendants have submitted declarations from 68 different salon employees. All declare that they were provided meal breaks; indeed, 47 of the 68 declarants contend that they always take meal breaks. These declarants' time records, however, demonstrate that on average the declarants did not clock out for a full 30-minute meal break approximately 40 percent of the time defendants were required to provide them with a meal break, although the

2

percentage varies dramatically by employee. One employee who declared that she always takes meal breaks (Jennifer Nguyen), never had a full 30- minute clocked out meal break.

## PLAINTIFF'S CLAIMS

Plaintiff alleges that defendants failed to provide her with the mandated 30-minute meal break approximately 40 percent of the time, and that such failure is class-wide. She seeks class certification of the following classes and subclasses:

> CLASS NO. 1:     All current or former Supercuts, Inc. and Supercuts Corporate Shops, Inc. employees who, during the class period, had at least one work period in which they worked more than six hours and did not have a minimum 30-minute uninterrupted meal period and did not receive an additional hour of pay for the missed/interrupted meal period.
>
> SUBCLASS 1(A):   Those members of Class No. 1 who are former employees and did not receive the additional hour of pay within the time required by Labor Code sections 201 or 202.
>
> CLASS NO. 2:     All current or former Supercuts, Inc. and Supercuts Corporate Shops, Inc. employees who, during the class period, had at least one work day in which: they worked more than six hours, did not have their uninterrupted 30 minute meal break, and *did receive* their additional hour of pay by management editing their clock-in/clock out times to add one hour for the day, and they received an itemized wage statement which included wages for that day.

The second class arises from California's requirement that employers provide employees with accurate wage statements; if the wage statement included the extra hour of pay as compensation for the missed meal period, it is not a wage (according to plaintiff) and should not have been recorded as a wage on the itemized statement.

Plaintiff seeks to certify four causes of action: (1) failure to provide meal periods and pay the additional one hour of pay (Class No. 1); (2) late payment of the one hour of pay wages (Subclass 1(A)); (3) failure to provide accurate itemized wage statements (Class No. 2); and  (4) restitution pursuant to Business and Professions Codes section 17200 (Class No. 1).

//

//

**DISCUSSION**

The party seeking certification bears the burden of showing that each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one requirement of Rule 23(b) are satisfied. See Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007). The district court must conduct a rigorous analysis to determine that the prerequisites of Rule 23 are met. See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). If a court is not fully satisfied, certification should be refused. Id.

Rule 23(a) requires a plaintiff to demonstrate the following four factors: "( 1) the class is so numerous that joinder of all members is impracticable, ( 2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." In short, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy.

Rule 23(b) requires, in relevant part, that one of three additional requirements be met. Plaintiff asserts that this case falls within Rule 23(b)(3), which provides that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Matters pertinent to the Court's inquiry include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; © the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and ( D) the likely difficulties in managing a class action." Id.

The Court will first consider the relevant Rule 23(b) factor--predominance of common issues--as in this case it is dispositive.

Plaintiff contends that the class members share the common questions of whether "they missed a meal period on a day they worked over six hours," and whether defendants paid the employees one hour of pay for each missed meal break. Plaintiff's Motion for Class

4

Certification at p. 7. Plaintiff is correct that a court or other trier of fact can review time records and pay statements to determine whether a class member clocked out for a meal period on any particular day and for how long and, if the meal period was less than 30 minutes, whether defendants compensated the class member for the missed or shortened meal period. These common questions, or, more precisely, factual questions determined by a common method, predominate only if defendants' liability for the additional hour of pay is established simply because the employee did not clock in and out for a full 30-minute meal break. In other words, plaintiff's argument assumes that employers are required to ensure that their employees take their full 30-minute meal break.

In White v. Starbucks Corp., 497 F.Supp.2d 1080 (N.D. Cal. 2007), the district court held that the California Supreme Court, if faced with the issue, "would require only that an employer *offer* meal breaks, without forcing employers actively to ensure that workers are taking these breaks. In short, the employee must show that he was *forced to forego* his meal breaks as opposed to merely showing that he did not take them regardless of the reason." Id. at 1088-89. The court reasoned that the word "provide" as used in Labor Code sections 512 and 226.7 means to provide the opportunity rather than to ensure. To hold to the contrary "would be impossible to implement for significant sectors of the mercantile industry (and other industries) in which large employers may have hundreds or thousands of employees working multiple shifts." Id. at 1088. The court commented that under the plaintiffs' interpretation of the law,

> an employer would have to pay an additional hour of pay every time an employee voluntarily chose to forego a break. This suggests a situation in which a company punishes an employee who foregoes a break only to be punished itself by having to pay the employee. In effect, employees would be able to manipulate the process and manufacture claims by skipping breaks or taking breaks of fewer than 30 minutes, entitling them to compensation of one hour of pay for each violation. This cannot have been the intent of the California Legislature, and the court declines to find a rule that would create such perverse and incoherent incentives.

Id. at 1089. As there was no evidence that the defendant had pressured the plaintiff to forego his meal breaks, the court granted summary judgment for the defendant.

The district court in Brown v. Federal Express Corp., 2008 WL 906517 (C.D. Cal. Feb. 26, 2008) agreed with the White court's reasoning. On a motion for class certification

5

1  of a claim alleging a violation of the California meal break requirement, the district court
2  held that the California Labor Code does not require employers to ensure that their
3  employees take meal breaks. The court relied on the language of the statutes which (1)
4  prohibits an employer from *requiring* an employee to work during a meal break (section
5  226.7(a)) and (2) imposes liability if an employer "fails to provide" an employee with a meal
6  break (section 226.7(b)). Section 512(a) also prohibits an employer from employing an
7  employee for more than five hours "without providing" a meal period. The court concluded
8  that this statutory language "does not suggest any obligation to ensure that employees take
9  advantage of what is made available to them." Id. at *5. "Requiring enforcement of meal
10 breaks would place an undue burden on employers whose employees are numerous or who,
11 as with Plaintiffs, do not appear to remain in contact with the employer during the day. It
12 would also create perverse incentives, encouraging employees to violate company meal break
13 policy in order to receive extra compensation under California wage and hour laws." Id. at
14 *6.

15     At oral argument plaintiff insisted that White and Brown are wrong because the courts
16 ignored the waiver language in Labor Code section 512 and IWC Wage Order No. 7. Section
17 512 prohibits an employer from employing an employee for a work period of more than five
18 hours without "providing" the employee with a meal break, except that if the employee's
19 total work day is less than six hours, "the meal period may be waived by mutual consent of
20 both the employer and employee." Cal. Labor Code § 512(a). IWC Wage Order No. 7
21 similarly provides that "when a work period of not more than six (6) hours will complete the
22 day's work the meal period may be waived by mutual consent of the employer and the
23 employee." 8 Cal Code Regs § 11070(11)(A). Because the proposed class includes only
24 employees who worked more than six hours in a single day, plaintiff argues that the meal
25 period could not be waived and thus defendants were required to ensure that the employee
26 always took a 30-minute meal break.

27     The Court disagrees. The structure of the statute and the Wage Order demonstrate
28 that the waiver applies to the employer's obligation to "provide" a meal break, not to the

6

employee's decision to take a meal break.  In other words, the employer's obligation to provide the employee with a 30-minute meal break may only be waived by mutual consent and only if the employee works less than six hours.  The Court does not interpret the waiver language to mean that an employer must ensure that an employee actually take a meal period made available.  The Court's interpretation is consistent with the provisions which mandate employer liability for an additional hour of pay for an employer's failure "to provide" an employee a meal period rather than for a failure to ensure that an employee actually availed herself of the meal period.  See Cal. Labor Code § 226.7(b) ("If an employer *fails to provide an employee a meal period* or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided") (emphasis added);  IWC Wage Order No. 7, 8 Cal. Code Regs § 11070(11)(D) ("If an employer *fails to provide an employee meal period* in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.") (emphasis added).

Plaintiff also relies on Cicairos v. Summit Logistics, Inc., 133 Cal.App.4th 949 (2006) to support her interpretation of California law**.**  In Cicairos the trial court granted the defendant employer summary judgment on the plaintiff truck drivers' claims that defendant failed to provide the drivers with the required meal periods.  The court of appeals reversed on the ground that the evidence was sufficient to find a violation of the law.  The employer instituted policies that prevented truck drivers from taking the breaks: it utilized an "Activity Based Compensation" system to determine the drivers' wages; that system recorded a driver's speed, starts and stops, and time. Drivers had to manually input factors that might delay a trip, such as road construction.  A trip that took longer than expected resulted in a loss to the driver because the driver was not paid for the extra time. The employer did not schedule meal periods or include an activity code for meal periods as an acceptable delay and management pressured drivers to make more than one trip daily.  The court concluded that as

7

a result of these policies, most drivers ate their meals while driving or else skipped the meal. Id. at 962.

These facts support a finding that the employer did not make meal breaks available, that is, did not provide meal breaks, especially since the governing collective bargaining agreement actually required the employer to schedule meal breaks. The court of appeals went farther, however, and stated that employers "have an affirmative obligation to ensure that workers are actually relieved of all duty." Id. at 963. The court did not analyze the statutory language; instead, it relied solely on an opinion letter from the Department of Industrial Relations. As defendants point out, and plaintiffs do not dispute, such opinion letters do not have the force of law. Tidewater Marine Western, Inc. V. Bradshaw, 14 Cal.4th 557 (1996); Conley v. Pacific Gas & Elec., 131 Cal. App. 4th 260, 270-71 (2005). Thus, Cicairos is not persuasive authority for the proposition that employers must ensure that their employees take meal breaks and this Court is not bound by the court of appeals' decision. Guebara v. Allstate, 237 F.3d 987, 993 (9th Cir. 2001).

In sum, the Court concludes that whatever "fails to provide" in the Labor Code means, it does not require an employer to ensure that an employee take a meal break. Therefore, an employer is not liable for "failing to provide a meal break" simply because the evidence demonstrates that the employee did not actually take a full 30-minute meal break.

Having resolved this legal question for purposes of plaintiff's motion, it is apparent that plaintiff has failed to identify any theory of liability that presents a common question. She attests that for a few months she was the only employee for one salon which made it impossible to take breaks. That theory–which may demonstrate a failure to provide a meal period–does not apply class-wide; it applies only to those employees who did not take breaks while working alone. And it applies to plaintiff for only a few months of the class period and there is no indication in the record that it is relevant to any other class members.

Plaintiff's next theory–that the stores were too busy to give employees a meaningful opportunity to take breaks–requires an individual inquiry into each store, each shift, each employee. Perhaps the employee wanted to work through her meal break in order to earn

8

1 more in tips or because she did not want to keep a valued customer waiting.  On the other
2 hand, the evidence might also show that in a particular case the store manager instructed an
3 employee to help a customer rather than take a lunch break.  Such an instruction could be
4 viewed as the employer not "providing" a meal break; however, it is an individual question
5 that cannot be resolved class wide.

6 Plaintiff's third theory–that defendants did not schedule breaks–fails as a matter of
7 law as, whatever the law requires, it does not require an employer to affirmatively schedule
8 meal breaks.  There is no support in the statute or the caselaw for such a theory.

9 Finally, plaintiff's contention that a review of the time records of the 68 declarants
10 creates an inference of a company-wide practice that interfered with the employees' right to a
11 meal break, cf. Dukes, 509 F.3d at 1180 ("It is well-established that commonality may be
12 established by raising an inference of class-wide discrimination through the use of statistical
13 analysis."), also fails.  The time records actually demonstrate the individual nature of the
14 inquiry.  Some of these employees clocked out for their full 30-minute meal break nearly all
15 the time, some none of the time, and some part of the time.  This disparity suggests that "the
16 availability" of meal breaks varied employee to employee, or at least store to store or
17 manager to manager.  Even plaintiff herself admits that she took her full 30-minute meal
18 break 60 percent of the time.

19 Based on its review of the record the Court finds that individual issues predominate.
20 Liability cannot be established without individual trials for each class member to determine
21 why each class member did not clock out for a full 30-minute meal break on any particular
22 day.  Since plaintiff relies exclusively on Rule 23(b)(3) and has not satisfied that Rule,
23 certification is unwarranted.  See Dukes, 509 F.3d at 1176 (holding that the court must find
24 that at least one of the three conditions of Rule 23(b) is satisfied before it may certify a
25 class).
26 //
27 //
28 //

9

**CONCLUSION**

The Court finds that the question of whether defendants failed to provide a class member with a meal break on a particular day is an individual question that can only be resolved with individual trials. Accordingly, plaintiff's motion for class certification is DENIED. The parties are directed to appear for a further case management conference at 8:30 a.m. on June 20, 2008.

**IT IS SO ORDERED.**

Dated: June 2, 2008



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE